(59 Misc. Rep. 128.)

## In re McCARTHY'S WILL.

(Surrogate's Court, Kings County. April, 1908.)

WILLS—PROBATE.

     A will propounded recited in its testimonial clause that a seal was affixed, though in fact there was no seal on the instrument, and a blank space of a page and a half occurred between the paragraph disposing of the estate and that appointing the executor. *Held* not to authorize the inference that the testament was left incomplete, where testimony leaves no doubt of its execution.

     [Ed. Note.—For cases in point, see Cent. Dig. vol. 49, Wills, §§ 700, 705.]

In the matter of the probate of will of Margaret McCarthy. Probate granted.

Edward J. Connolly, for proponent.
Phanor J. Eder, for contestants.
Maurice V. Theall, special guardian.

KETCHAM, S. The will propounded recites in its testimonial clause that a seal is thereunto affixed, and there is no seal on the instrument. The will is upon a printed blank, and between the paragraph disposing of the estate and the clause appointing the executor there is a blank space of a page and a half. A person who was not a lawyer drew the will and presided over its execution and publication. From the absence of the seal and the presence of the blank space, the contestant seeks to have the inference drawn that the decedent paused in the testamentary act and left it incomplete.

The testimony of both witnesses leaves no room for doubt that the will was duly signed, published, and attested. Whatever might be the suggestion if the will was drawn by a lawyer and was found to lack a seal, the existence of which was recited, the only meaning to be derived from the same circumstances in this case is that the will was made under the supervision of one who was devoid of the skill, experience, and intelligence which the transaction required, and that the seal was forgotten or disregarded, both by the testatrix and her equally ignorant adviser. The blind leading the blind—neither of them knew enough to understand that the will needed the seal which it recited—and it is impossible to find any conscious or deliberate withholding of a ceremony where its nature and necessity were unknown. By the meddling of one unfit for the duty which he assumed, the parties interested in this estate have been subjected to the serious expense of a contest, and another case is added to a long and shameful record. Estates are despoiled of many thousands of dollars every year and are in part diverted from their owners at the time of their greatest need, because the purblind parsimony of testators and the assurance of real estate agents, notaries public, and other "rash and inconsiderate voluntaries" have joined in the production of wills so doubtful in the circumstances of their execution or in the weird phrases of their composition that litigation, with all its waste and bitterness, is made certain. As to the blank space, which in its extent exceeds the testamentary area of this will, it can only be said that the temptation to

fraud thus tendered has happily been resisted, and the instrument is saved by the accident of honesty. The mere gap in the will, without evidence that it was put to its natural and obvious use, cannot avoid it. Despite the lack of the seal, there is enough to show that the will was amply solemnized and published; and, despite the void in the middle of it, there is not enough to destroy it.

Probate granted.